UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ALEX HENRY,

                Petitioner,

-against-

THOMAS LAVALLEY,
SUPERINTENDENT,

                Respondent.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**

11-CV-05701 (SLT)

**TOWNES, United States District Judge:**

*Pro se* petitioner Alex Henry seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. After a jury trial in the New York Supreme Court of Kings County, Petitioner was convicted of one count of robbery in the first degree in violation of New York Penal Law § 160.15(4). The trial court sentenced Petitioner to a term of imprisonment of twenty-two years to life. Subsequently, the New York Supreme Court, Appellate Division, Second Department affirmed the judgment of the trial court, and the New York Court of Appeals denied leave to appeal. This *habeas* petition followed. Petitioner contends that he was deprived of his due process right to a fair trial when fingerprint evidence that may have led the jury to deduce that Petitioner had a prior criminal record was introduced at trial. For the reasons discussed below, the petition for *habeas* relief is denied.

## BACKGROUND

On the night of February 12, 2007, the Strauss Discount Auto Store on Utica Avenue in Brooklyn, New York was robbed. (Doc. No. 1, Petition for Writ of *Habeas Corpus* ("Petition"), at 15.) The cashier at the time of the robbery, Cardinal Waithe, told police that shortly before the robbery he observed two men enter the store. (*Id.*) Waithe said that one of the men, who he later identified as Petitioner, inquired about car batteries, so Waithe accompanied him to that area of

the store. (*Id.* at 15-16.) The second man then approached the cash register with items for checkout, and Waithe began to scan his items. (*Id.* at 16.) After the cash register was opened, Waithe testified that Petitioner produced a gun, pointed it at him, and demanded money. (*Id.*) Waithe complied with the request, giving the men seventy or ninety dollars, after which the men left the store. (*Id.*) Surveillance footage from the store revealed that Petitioner had removed items from a shopping basket during the robbery, and Police subsequently recovered latent fingerprints from those items. (*Id.* at 17.) The fingerprints matched a New York State Identification ("NYSID") number, "46011-Q," for a prior criminal offender known by the names Anthony Henry, Tony Henry, or Alex Henry. (*Id.* at 20.) This individual was later identified as Petitioner, and was placed in custody during a meeting with his parole officer. (*Id.* at 17.)

During a pre-trial hearing on the State's motion *in limine* regarding petitioner's arrest at the parole office, the trial court ruled that evidence of Petitioner's parole status was irrelevant and prejudicial, and thus denied the State's request to discuss such information at trial. (*Id.* at 18.) Accordingly, the Court limited the State to introducing evidence that Petitioner was arrested at a "state agency," but excluded evidence that it was a parole office. Moreover, the trial court allowed the State to discuss the fingerprint database and the way in which Petitioner's fingerprints were used to connect him to the robbery, but excluded evidence that it was a criminal database. (*Id.* at 18-19.)

At trial, a police detective testified that a NYSID number is assigned to a person's fingerprints. The detective also testified that she herself had a NYSID number. (Doc. No. 6, Response to Order to Show Cause, February 2, 2012 ("Response"), Ex. 5 at 53-54.) A number of witnesses testified that the NYSID number for Alex Henry, Anthony Henry, or Tony Henry was connected to fingerprints that matched those lifted from the items the robber could be seen

touching on the store's surveillance video. The jury convicted Petitioner of Robbery in the First Degree, and on February 15, 2008, Petitioner was sentenced, as a mandatory persistent offender, to a term of imprisonment of twenty-two years to life. (Petition at 32.)

Petitioner, represented by counsel, filed an appeal with the New York Supreme Court, Appellate Division, Second Department, arguing that the trial court erred in allowing the People to elicit testimony from the State's fingerprint database. (*Id.* at 30.) Specifically, Petitioner contended that such evidence was prejudicial because it improperly indicated to the jury that he had a prior criminal history, which, in turn, deprived him of his Fifth Amendment right to a fair trial. (*Id.* at 28.) The Appellate Division unanimously affirmed the judgment on March 2, 2010, holding that Petitioner's contentions were meritless because the fingerprint evidence did not compel an inference that Defendant was a convicted criminal. (*Id.* at 30.) The Appellate Division noted that the prosecutor strictly adhered to the court's instructions and at no point suggested to the jury that Defendant had a criminal past. (*Id.* at 30-31.) Moreover, the Appellate Division found that the trial court "carefully monitored the introduction of the background material to complete the narrative and did not permit the prosecutor to elicit testimony concerning how the fingerprint database is compiled." (*Id.*) The Court of Appeals denied leave to appeal on July 6, 2010. (*Id.* at 35.) Petitioner timely filed the instant *pro se* petition, pursuant to 28 U.S.C. § 2254.[1]

---

[1] To be timely, Petitioner had to file his petition – by placing it in the prison mailbox – by October 6, 2011, one year and ninety days from the denial of his application for leave to appeal to the Court of Appeals. Although the petition is undated, Petitioner's certificate of service was stamped as received by the Kings County District Attorney's Office on October 6, 2011 and dated October 2, 2011. (Response Ex. E.) Although this Court did not receive the petition until November 17, 2011, the Court assumes based on the date of the Certificate of Service, and the District Attorney's Office does not dispute, that it was timely mailed.

3

## STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") Pub. L. No. 104-132, 110 Stat. 1218, 28 U.S.C. § 2254(a), a "district court shall entertain an application for a writ of *habeas* corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the deferential standard mandated by AEDPA, when a state court has adjudicated the merits of a petitioner's claim, a federal court shall grant a *habeas corpus* petition only where "the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or where the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "[F]ederal *habeas corpus* relief does not lie for errors of state law." *DiGuglielmo v. Smith*, 366 F.3d 130, 137 (2d Cir. 2004) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotations omitted)). A "petitioner bears the ultimate burden of proving by a preponderance of the evidence that his constitutional rights have been violated." *Epps v. Poole*, 687 F.3d 46, 50 (2d Cir. 2012). Thus, AEDPA "erects a formidable barrier to federal *habeas* relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 134 S.Ct. 10, 12 (2013).

## DISCUSSION

Petitioner contends that the evidence admitted by the trial court was prejudicial and led the jury to conclude that he had a prior criminal record. Specifically, Petitioner argues that testimony regarding the storage of his fingerprints in a state database with a corresponding NYSID number, combined with evidence that his NYSID number was connected to several

4

different aliases made "the inference of past criminality . . . inescapable." (Petition at 25.) Petitioner made this same argument before the Appellate Division, which denied his claim, finding that this evidence, "which was not specifically identified as police-related, did not compel the inference that the [petitioner] had a past criminal history." (*Id.* at 30.) Moreover, the Appellate Division found that the trial court had "carefully monitored the introduction of the background material to complete the narrative," and that the prosecutor at no point "suggest[ed] that the defendant had a prior criminal history either when eliciting the testimony regarding the defendant's fingerprints or in his summation." (Petition at 30-31.)

"Federal *habeas* review of state court evidentiary rulings [is] limited to determining whether the alleged error rose to the level of a constitutional violation." *George v. Lord*, 334 F. Supp. 2d 327, 333 (E.D.N.Y. 2004) (citing *Estelle*, 502 U.S. at 67-68). Improper introduction of evidence may constitute a violation of a defendant's constitutional right to a fair trial only if that evidence "is so extremely unfair that its admission violates fundamental conceptions of justice." *Dunnigan v. Keane*, 137 F.3d 117, 125 (2d Cir. 1998) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)). "Even erroneous evidentiary rulings warrant a writ of habeas corpus only where the petitioner 'can show that the error deprived him of a fundamentally fair trial.'" *Zarvela v. Artuz*, 364 F.3d 415, 418 (2d Cir. 2004) (quoting *Rosario v. Kuhlman*, 839 F.2d 918, 925 (2d Cir. 1988)). Thus, "[t]he erroneous admission of the evidence must have been 'sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it.'" *Linton v. Bradt*, 775 F.Supp.2d 574, 578 (E.D.N.Y. 2011) (quoting *Collins v. Scully*, 755 F.2d 16, 19 (2d Cir. 1985)).

In the instant matter, the fingerprint evidence did not suggest that Petitioner had a prior criminal history. On the contrary, the trial court ruled that evidence of Petitioner's status as a

parolee was irrelevant and took steps to "carefully [monitor] the introduction of the background material" without disclosing the fact of Petitioner's prior criminal history. (*See* Petition at 30.) One of the detectives even testified to the jurors that she herself had a NYSID number. (Response, Ex. 5 at 53-54.) The evidence introduced was not "fundamentally unfair" and did not improperly provide the basis for his conviction. Accordingly, the introduction of fingerprint testimony did not amount to a violation that rises to the level necessary to find that Petitioner was deprived of a fundamentally fair trial.

Furthermore, even if the evidence had been improperly admitted, the error was harmless. On *habeas* review, "a federal court may overturn a state conviction only when the constitutional violation had a substantial and injurious effect or influence in determining the jury's verdict." *Jackson v. Conway*, 763 F.3d 115, 140 (2d Cir. 2014) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "The strength of the prosecution's case without the erroneously admitted evidence is probably the single most critical factor in determining whether the error was harmless." *Jackson*, 763 F.3d at 140 (internal quotations omitted). Here, the jury convicted Petitioner after careful review of video surveillance footage taken during the robbery, fingerprint evidence, and extensive eyewitness testimony, including an in-court identification by a witness who had ample opportunity to view Petitioner, all of which, taken together, provided more than enough evidential support for the conviction. It simply cannot be said that the jury convicted Petitioner solely on the basis of his past criminal history, even if such knowledge had been conveyed to them. Thus, Petitioner fails to assert a constitutional error of sufficient magnitude to warrant *habeas* relief.

## CONCLUSION

For the foregoing reasons, the petition for a writ of *habeas corpus* is DENIED. The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). *In forma pauperis* status is denied for purposes of an appeal, as any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444 (1962). The Clerk of the Court is directed to enter judgment denying the petition and closing this case.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: March 13, 2015
Brooklyn, New York